Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| CARLOS E. VARGAS FIGUEROA<br>Apelante<br><br><br>v.<br><br><br>DAVID VILLANUEVA MATÍAS<br>Apelado | TA2025AP00259 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm.<br>MZ2025CV00095<br><br>Sobre:<br>Daños y Perjuicios y otros |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 7 de octubre de 2025.

Comparece Carlos E. Vargas Figueroa (señor Vargas Figueroa o parte apelante), por derecho propio, a través de recurso de *apelación*. Solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 27 de junio de 2025, que desestimó la *Demanda* instada por el apelante, tras haber transcurrido el término de ciento veinte (120) días reglamentario sin haber diligenciado el emplazamiento al Sr. David Villanueva Matías (apelado).

Sin embargo, previo a considerar el asunto sustantivo planteado por el señor Vargas Figueroa, el apelado nos ha convocado a dilucidar una controversia jurisdiccional, que prima sobre cualquier otro tema, relativo a la presunta falta de notificación del recurso de apelación a su persona.

Verificada la controversia jurisdiccional alzada, determinamos que tiene razón el apelado, por lo tanto, carecemos de jurisdicción para considerar los méritos del recurso de apelación presentado, por falta de notificación a la parte apelada, y sin justa causa para excusar dicho incumplimiento.

## I. Resumen del tracto procesal

Limitándonos a los datos procesales que sirven para comprender nuestro curso decisorio, el apelante presentó una *Nueva Demanda*[1] el 21 de enero de 2025, aduciendo que el abogado de oficio que le fue asignado en el caso penal número ISCR201600376-0378, el aquí apelado, se desempeñó de manera negligente.[2]

Resueltas varias incidencias procesales por el TPI, atinentes a la falta del diligenciamiento del emplazamiento al apelado por el señor Vargas Figueroa, dicho foro primario emitió la *Sentencia* que aquí se impugna el 27 de junio de 2025, desestimando la *Nueva Demanda* (más bien, la segunda demanda), por falta de jurisdicción sobre la persona del apelado. Al así decidir, el foro primario concluyó que, habiendo transcurrido el término de 120 días dispuesto por las Reglas de Procedimiento Civil para diligenciar el emplazamiento, no constaba prueba de que se hubiese cumplido con ello.[3]

En desacuerdo, el 22 de julio de 2025, el señor Vargas Figueroa recurrió ante nos mediante recurso de *apelación*, señalando la comisión de los siguientes errores:

> 1) Erró el T.P.I. por ignorar su condición que está el demandante en estos momentos. Que es, estar privado de la libertad y es indigente.
>
> 2) Erró el mismo al haber cambiado el dictamen de "Ha Lugar" a "No Ha Lugar" esto a pocos días del vencimiento de los términos de emplazamiento.
>
> 3) Erró también este al no ser sensible con un ser viviente que no tiene la facilidad que tendría cualquier otro demandante que estaría en la libre comunidad.
>
> 4) Erró este en no apercibirle a tiempo que estos cambiarían el dictamen.
>
> 5) Erró el mismo al no reconsiderar todo lo argumentado en la *Moción de Reconsideración y Otros* del demandante.

---

[1] El apelante tituló este escrito como *Nueva Demanda*, pues había presentado una primera *Demanda* contra el apelado, que resultó desestimada por incumplir con el término para emplazar.

[2] Aunque el apelante no incluyó la referida *Nueva Demanda* en el apéndice del recurso que nos presentó, pudimos acceder al documento a través del expediente electrónico del caso en SUMAC, caso núm. MZ2025CV00095, entrada núm. 1.

[3] *Id.*

6) Erró también este al no considerar el Art. 1.002 (a) que dicho estatuto dispone que: la Rama Judicial será accesible a la ciudadanía, prestará servicios de manera equitativa, sensible y con un enfoque humanista, 4 L.P.R.A. sec. 24A. Este Art. mencionado antes incluye a los reclusos que litigan sus causas por derecho propio.

7) Erró este Hon. T.P.I. al violar este estatuto mencionado antes, porque este demandante entiende que ejercer lo contrario sería atentar contra los principios de que todas las personas son iguales ante la ley y que la dignidad del ser humano es inviolable. Art. II, Sec. 1 de la Constitución del Estado Libre Asociado de Puerto Rico.

A raíz de lo cual, el 14 de septiembre de 2025, la parte apelada presentó *Moción de Desestimación por Falta de Jurisdicción.* Advirtiendo que comparecía ante este Tribunal de Apelaciones sin someterse a su jurisdicción, informó que no había sido debidamente emplazado, **ni tampoco notificado del recurso de apelación presentado en su contra**, adviniendo en su conocimiento a través de la notificación que le hiciera este foro intermedio, al requerirle presentar escrito en oposición de apelación.

Al ser advertidos sobre la presunta falta de notificación del recurso de apelación a la parte apelada, emitimos una *Resolución* el 19 de septiembre de 2025, ordenándole al apelante que presentase causa por la cual no debíamos desestimar el presente recurso por falta de jurisdicción.

Sin embargo, transcurrido en exceso el término concedido a la parte apelante para responder al señalamiento sobre la alegada falta de notificación del recurso de apelación a la parte apelada, nunca compareció.

## II. Exposición de Derecho

a.

La *jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Allied Manegement Group, Inc. v. Oriental Bank,* 204 DPR 374, 385 (2020); *Yumac Home v. Empresas Massó, 194 DPR 96, (2015); Horizon Media v. Jta. Revisora, RA Holdings, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para*

*atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. Horizon Media v. Jta. Revisora, RA Holdings,* supra*; Shell Chemical v. Srio. Hacienda, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. Mun. San Sebastián v. QMC, 190 DPR 652, 659 (2014). García v. Hormigonera Mayagüezana, 172 DPR 1, 7 (2007). Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo. Mun. San Sebastián v. QMC,* supra. *No tenemos discreción para asumir jurisdicción donde no la hay. Yumac Home Furniture, Inc. v. Caguas Lumber Yard, Inc.,* supra.

b.

Es norma conocida que *el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). En consecuencia, *las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98 (2013).

Estrechamente unido a lo anterior, *los requisitos de notificación son imperativos ya que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. Soto Pino v. Uno Radio Group*, supra. A esos efectos, la Regla 13 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13 (B), se encarga de dictar el curso a seguir por la parte apelante con relación a **la notificación a las partes** del recurso apelativo que se presente, junto a sus apéndices. En específico, en lo relativo a la *Notificación a las partes* de la presentación del recurso de apelación, la Regla 13(B) determina sobre el momento en que se hará de la manera siguiente: *la parte apelante* **notificará el recurso**

*apelativo y sus apéndices dentro del término dispuesto para la presentación del recurso*, *siendo éste* **un término de cumplimiento estricto**. (Énfasis provisto).

Se suma a ello la Regla 13(A) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13, que establece un término de treinta días, contados desde el archivo en autos de una copia de la notificación de la sentencia, para presentar el recurso de apelación. Así, vistas en conjunto las Reglas 13(A) y 13(B) citadas, la parte apelante **debe presentar la notificación del recurso de apelación a las partes, dentro del término de cumplimiento estricto de treinta días del que dispone para instar el recurso de apelación ante este Foro intermedio**.

c.

A diferencia de los términos jurisdiccionales, los términos de cumplimiento estricto no son fatales, por lo que se pueden extender **si se demuestra justa causa**. *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239 (2012). (Énfasis provisto). Es por ello que nuestro Tribunal Supremo ha determinado que, ante los términos de cumplimiento estricto, *los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden, por lo tanto, proveer el remedio que estimen pertinente, extendiendo el término según las circunstancias. Id.,* en la pág. 253; *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

A pesar de que los términos de cumplimiento estrictos no están atados a la rigidez de los términos jurisdiccionales, no significa que el Tribunal goza de amplia discreción para prorrogarlos. *Peerless Oil v. Hnos. Torres Pérez,* supra. De manera tajante el Tribunal Supremo ha determinado que la discreción de este foro apelativo para ejercer su facultad de prorrogar un término de cumplimiento estricto **está subordinada a la presentación de justa causa**, según esta ha sido sujeta a las siguientes condiciones:

(5) **que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases**

> **razonables que tiene para la dilación**; es decir, que la parte interesada **acredite de manera adecuada la justa causa aludida**. **En ausencia de alguna de estas dos (2) condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto.** (Énfasis provisto). *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 171 (2016); *Soto Pino v. Uno Radio Group, supra* en la pág. 93; *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Rojas v. Axtmayer, supra* en la pág. 565.

El Tribunal Supremo explicita que la parte que presenta de manera tardía un recurso al cual cobija un término de cumplimiento estricto, debe demostrar la existencia de justa causa, **con explicaciones concretas y particulares**, debidamente evidenciadas, **que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial razonable**. *Soto Pino v. Uno Radio Group.,* supra*, en la pág. 93; Lugo v. Suárez,* 165 DPR 729, 738-739 (2005). (Énfasis nuestro). No podrá acreditarse la existencia de una justa causa con excusas, vaguedades o planteamientos estereotipados. *Id.* En consonancia, abunda el mismo alto foro*, [e]l que no cause perjuicio a otra parte no es determinante para la acreditación de la justa causa. Soto Pino v. Uno Radio Group,* supra*, en la pág. 95.

Por tanto, en ausencia de justificaciones que demuestren justa causa, el tribunal carece de discreción para prorrogar el término de cumplimiento estricto. *Peerless Oil v. Hnos. Torres Pérez,* supra.

d.

Finalmente, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado. En lo que resulta pertinente al caso ante nuestra consideración, establece:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> 1. que el Tribunal de Apelaciones carece de jurisdicción;
> **2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;**

3. que no se ha presentado o proseguido con diligencia o de buena fe;
4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
5. que el recurso se ha convertido en académico.
*Id.*

(Énfasis nuestro).

### III. Aplicación del Derecho a los hechos

Emitida la *Sentencia* cuya revocación nos solicita el señor Vargas Figueroa el 27 de junio de 2025, y notificada el 2 de julio del mismo año, este contaba con un término de treinta días jurisdiccionales para instar el recurso de apelación a partir de que fuera notificado dicho dictamen, y **dentro de ese mismo plazo notificar a la parte apelada del recurso presentado**. Es decir, el señor Vargas Figueroa disponía hasta el 1 de agosto de 2025 para presentar el recurso de apelación y notificarlo a la parte apelada.

Sin embargo, aunque el señor Vargas Figueroa presentó el recurso de apelación de manera oportuna, el 22 de julio de 2025, hasta el día de hoy no ha acreditado su notificación a la parte apelada, y esta omisión nos priva de jurisdicción para considerarlo.

Antes de proceder a la desestimación del recurso presentado, por razón de que la notificación a la parte apelada es de cumplimiento estricto, emitimos una *Resolución* para concederle oportunidad de que expresara si había notificado el recurso de apelación a la parte apelada, y, de haber cumplido con ello, si mediaba justa causa para la dilación. No obstante, nunca compareció, por tanto, ni siquiera tenemos que evaluar si el señor Vargas Figueroa contaba con la referida justa causa para notificar tardíamente al apelado del recurso presentado. En este punto resulta necesario intercalar que *el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que se incumplan las reglas procesales. Febles v. Romar*, 159 DPR 714, 722 (2003).

En definitiva, la parte apelante incumplió con su obligación legal de notificar el recurso de apelación presentado en contra del señor Villanueva Matías, omisión que, reiteramos, nos priva de jurisdicción. *Si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo. Mun. San Sebastián v. QMC,* supra.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, ordenamos *Desestimar* el recurso de apelación presentado, por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones